

# LaRusso, Conway & Bartling

December 10, 2015

Hon. Leonard D. Wexler
United States District Judge
United States District Court
100 Federal Plaza
Central Islip, N.Y. 11722

Re: United States v. James Burke
Criminal Docket No. CR-15-627(LDW)

Dear Judge Wexler:

We respectfully submit this letter in connection with Your Honor's request for a detention hearing for James Burke ("James" or "Mr. Burke"). Based upon the applicable case law set forth below, we respectfully submit that the Government has not met its burden that Mr. Burke poses a danger to the community for which "no condition or combination of conditions will reasonably assure the safety of other persons and the community…" 18 U.S.C §3142(f)(2)(B).

### CASE LAW

As the Court is well aware, 18 U.S.C. §3142(f)(2) presumes the release of a defendant with bail conditions absent a showing of a serious risk of obstruction of justice. The court must determine whether the Government has established "by a preponderance of the evidence that defendant... **obstructed justice**." United States v. Khashoggi, 717 F.Supp. 1048, 1049 (S.D.N.Y. 1989) If the Government carries this initial burden, then the government must establish by clear and convincing evidence that there are no "conditions or combination of conditions" that could be imposed which would ensure the safety of the community and others. United States vs. Madoff 586 F. Supp.2d 240 (2nd Cir. 2009). The Court is required to consider four factors established by Congress. See 18 U.S.C. § 3142(g). These factors are: (1) The nature of the offense; (2) the weight of the evidence against the suspect, (3) the history and

300 Old Country Road
Suite 341
Mineola, New York 11501

Telephone (516) 248-3520
Facsimile (516) 248-3522
www.larussoandconway.com

character of the person charged, and (4) the nature and seriousness of the risk to the community.

## ARGUMENT

The Government's detention memo dated December 9, 2015, seeks detention based on allegations that claim Burke is a "danger to the community" and that there are no reasonable conditions of release that can be met to ensure the safety of the community. The Government's eight-page detention memorandum relies solely on Burke allegedly abusing his position of authority within the Suffolk County Police Department to intimidate and threaten witnesses. However, what the Government fails to mention is that Burke retired from the Suffolk County Police Department in October of 2015, thereby relinquishing any potential ability to utilize his position as Chief to intimidate and/or threaten witnesses. Burke has relinquished all control within the Suffolk County Police Department and most of the top positions have recently been filled by new members. It is believed that the evidentiary testimony in this case will mostly come from current and or former members of the police department. While the government accuses Burke of intimidation that fear is now alleviated by his departure from the department. Any claim that he can still curry favor with existing members to intimidate is pure speculation.

We further submit that by giving up his position of authority by retiring in October, 2015, there exists no risk of future obstruction or danger going forward. The Government cannot simply rely on the obstruction charge in the indictment to claim that detention is necessary. "The question is not simply whether [Burke's] actions can be considered obstruction, but whether there is a *serious* risk of obstruction in the future." United States vs. Madoff 586 F. Supp.2d 240, 244 (2nd Cir. 2009). The statute, by its nature, is always looking forward. To be sure, the Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward. Id. See also, U.S. v. Demmler, 523 F.Supp.2d 677, 681-683 (S.D. Ohio 2007). "The Court may not assume that just because (a defendant) has been charged with witness tampering and obstruction of justice, he is likely to commit these same offenses again during the course of these proceedings. Indulging such an assumption would be tantamount to creating a *per se* rule of detention in cases involving

witness tampering and obstruction, which this court has already declined to do." Id. With regard to James Burke, there exists no risk of future obstruction and no risk of any potential danger going forward now that he has retired. Each and every allegation cited in their memorandum claims that he ruled by fear and intimidation while Burke was in office. At present, given his retirement and the government's lack of proof of any future obstruction, there is no need to detain Burke. Furthermore, the government's memorandum is devoid of any evidence that there exists no conditions or combination of conditions that cannot be set to avoid any future obstruction. Lastly, the government's detention memorandum is devoid of any allegations that Burke threatened use of physical force or violence on any member or former member of the police department even while employed. There is simply no evidence that Burke constitutes an on-going threat to obstruct or impede.

In urging the Court to remand Burke the Government relies upon informants, who's credibility at trial will be called into question, some who have committed perjury under oath. However, even if the Court were to assume the informant's testimony of past obstruction is true, none of these allegations speak to obstruction of justice going forward. "A defendant's contact with a witness in the case is not grounds for detention despite the defendant's past history of contacting witnesses to assist in his defense." United States v. Lalonde, 246 F.Supp.2d 873, 875-76 (S.D.Ohio 2003), United States v. Afyare 2011 WL 1397820 (April 13, 2011, M.D. Tennessee).

Even assuming that the Government has met its burden, the Court still needs to assess that no condition or set of conditions could reasonably insure the community's safety. "The court should also 'bear in mind that it is only a limited group of offenders who should be denied bail pending trial.'" Khashoggi, 717 F.Supp. at 1049. The power should be exercised only in an "extreme or unusual case." United States v Payden 768 F.2d 487 (2nd Cir. 1985) There are many conditions the Court can set to insure that Mr. Burke not have contact with any members in SCPD or in this case. For example, in United States v. Singh, 2012WL3260232 (August 8, 2012 EDNY) U.S. Magistrate Judge Cheryl L. Pollack faced with similar obstruction of justice allegations, set pre-trial conditions on a defendant that "[y]ou are not to threaten or attempt to influence the testimony of anyone who you think might be a witness against you in this case. If you do that, that's

grounds for revoking your bond, increasing your punishment under these charges and bringing witness tampering charges against you." Id.

We respectfully submit that there exists conditions that allows for the release of Mr. Burke. Even aware of the nature of the charges Pretrial Services has recommended in their report that Burke be released on a secured bond, cosigned by financially responsible sureties. Burke is prepared to put forth an extensive financial bail package to ensure his return to Court. Mr. Burke is prepared to offer a substantial bail package with properties totaling at least a million dollars. Additionally, the Court can set forth conditions such as no contact and no third party contact with any perspective witnesses to secure against any concerns the government might have against any potential for future obstruction.

## CONCLUSION

We respectfully submit that detention in this case is unwarranted. The Government has failed to establish their burden that James Burke presents a danger to the community going forward. There clearly exists conditions and or a combination of conditions that the Court can order that will assure the safety of the community going forward.

Respectfully Submitted,

Joseph R. Conway, Esq.
Nancy L. Bartling, Esq.

cc: AUSA James M. Miskiewicz
    AUSA Lara Treinis Gatz