Case 2:15-cr-00373-PKC-WD Document 102 Filed 04/04/19 Page 1 of 4 PageID #: 310

MANDATE

16-3842
*United States v. Burke*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand nineteen.

Present:
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
            *Circuit Judges*,
        ALISON J. NATHAN,
            *District Judge*.*

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                16-3842

JAMES BURKE,

        *Defendant-Appellant*.

For Appellee:        JOHN J. DURHAM (David C. James, Lara Treinis Gatz, Assistant U.S. Attorneys, *on the brief*), Assistant U.S. Attorney, *for* Richard P. Donoghue, U.S. Attorney for the Eastern District of New York, Brooklyn, NY.

---

\* Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

1

MANDATE ISSUED ON 04/04/2019

For Defendant-Appellant:  CLARA KALHOUS, ESQ., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant James Burke ("Burke") appeals from a November 14, 2016 amended judgment of the U.S. District Court for the Eastern District of New York (Wexler, *J.*), convicting him of depriving an individual of civil rights, in violation of 18 U.S.C. § 242, and conspiring to obstruct justice, in violation of 18 U.S.C. § 1512(k) and 1512(c)(2), and sentencing him to 46 months' imprisonment, three years of supervised release, and a $200 special assessment. On appeal, Burke contends that Judge Wexler should have, *sua sponte*, recused himself from the case or held a hearing based upon the contents of a February 22, 2016 letter ("Feb. 22 letter") that the government sent to Judge Wexler and Burke.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under 28 U.S.C. § 455(a), parties can move for "[a]ny justice, judge, or magistrate judge of the United States" to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This Court has interpreted § 455 to incorporate a timeliness requirement. *See Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir. 1991) ("While § 455 does not explicitly contain a timeliness requirement for the filing of a recusal claim, timeliness has been read into this section as well."). And "[i]t is well-settled" that "a party must raise its claim of a district court's disqualification at the earliest possible moment after obtaining knowledge of facts

---

[1] The Feb. 22 letter was filed under seal, as were the briefs and much of the record on this appeal. Based on the government's representation at oral argument that sealing is no longer required, we hereby direct the Clerk of Court to unseal the entire file on appeal, including the Feb. 22 letter.

demonstrating the basis for such a claim." *Id.* We have explained the purpose of the timeliness requirement as follows:

> [I]t is important to present recusal applications promptly for at least two reasons. First, a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take. Second, a prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters.

*In re Int'l Bus. Machines Corp.*, 45 F.3d 641, 643 (2d Cir. 1995).

We have also determined that, at least in some instances, untimeliness in this context can constitute a basis for finding an implied waiver. *See United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000); *see also, e.g.*, *United States v. Yu-Leung*, 51 F.3d 1116, 1120 (2d Cir. 1995) ("[Defendant] failed to file a timely disqualification motion before [the district judge] . . . and we therefore conclude that he waived his right to do so."); *Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir. 1991) ("[W]e agree with the Government that [defendant] waived the claim that [the district judge] should have recused himself when he failed to timely move for such recusal pursuant to . . . 28 U.S.C. § 455.").

This is one of those instances. Burke's recusal claim on appeal is based entirely on the Feb. 22 letter. But he provides no explanation as to why he failed to move for recusal or request a hearing before the district court during the eight-month period between his receipt of the Feb. 22 letter and his sentencing hearing on November 2, 2016. Having failed to raise his recusal claim below, "let alone having done so timely," Burke "is poorly positioned at this late date to take issue with [Judge Wexler's] role" in Burke's sentencing hearing. *Polizzi*, 926 F.2d at 1321.

We note that Burke entered into a plea agreement in which he agreed not to file an appeal challenging his conviction or sentence in the event that the district court imposed a sentence of imprisonment of 51 months or below. He received a sentence of 46 months—five months below

3

the sentence sought by the government. But we need not rely on this appeal waiver in reaching our determination here. Burke has pointed to no facts, whether contained in the Feb. 22 letter or elsewhere, that should have compelled Judge Wexler's *sua sponte* recusal. *See SEC v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (stating that recusal is appropriate under § 455(a) only where "an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality"). And given Burke's failure to timely move for recusal at any point during the lengthy period this matter remained pending before Judge Wexler after Burke was in receipt of the Feb. 22 letter, his § 455(a) challenge has been waived.

\* \* \*

We have considered Burke's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

